CORNELIUS V. S. ROOSEVELT, Appellant, *v.* FRANCIS HOPKINS and JAMES N. CROW, Respondents.

33    81
130    488

A provision in a lease against subletting the demised property, without the consent of the lessor, does not apply to a mere change in the business firm of the lessees, incident to the admission of a new partner or the withdrawal of an old one.

Where the lessor proposed a provision against underletting the demised premises, or any part thereof, and the latter clause, on the objection of the lessees, was erased before execution, *held*, that the undertaking of part of the premises was not a breach of the agreement, the lessees continuing in possession of the residue.

THIS was an action for an alleged breach of the covenants in a lease of premises No. 168½ Fulton street, New York. The second clause in the lease provided " that the said party of the second part should not, during the continuance of the term, demise, sell, underlet or assign over the said premises to any person or persons whatsoever, or for any term or time whatsoever, or make alterations on said premises, or suffer or permit to be carried on therein any business, trade or occu-

pation, other than herein mentioned, without consent in writing from the party of the first part first had and obtained. There had been a clause in the lease prohibiting the parties of the second part from underletting any part of said premises, &c.; which, on being objected to, was stricken out previous to the execution of the lease by the parties of the second part. The firm of Hopkins & Crow, the second party, was dissolved in the early part of the term, the defendant Crow retiring from the firm, and business was afterwards conducted by a new firm styled Hopkins & Bros. This new firm sublet the part of the premises used in the business of Hopkins & Crow, but continued in possession of the residue.

*Robert B. Roosevelt,* for the appellant.

*William S. Sears,* for the respondent.

PORTER, J. The dissolution of the partnership of the defendants was not a breach of their covenant, and subjected them to no new liabilities to the plaintiff. (*Hoffman* v. *Ætna Insurance Company,* 32 N. Y., 405.) They neither demised, sold, underlet nor assigned the *entire* property embraced in the lease. They were not prohibited from subletting *portions* of the premises; and the exercise of this right, therefore, gave no cause of action to the plaintiff. The business conducted by some of the subtenants was more hazardous than that specified in the lease; and, under one of its provisions, the plaintiff was entitled to claim reimbursement to the extent of the difference of premium with which he might be charged for such extra risk. There was no claim in the complaint on account of extra insurance, and no breach of the covenant in this respect was alleged. It is quite apparent from the evidence, that if such a claim had been made, it could not have been sustained.

The judgment should be affirmed.

Judgment affirmed.