FRANK H. PRESBY, Agent, Respondent, *v.* GEORGE G. BENJAMIN, Appellant.

1. LEASE — OCCUPATION OF PREMISES BY SERVANT OR LICENSEE OF TENANT NOT A SUBLETTING. A tenant by placing one in charge of his apartment as servant or as caretaker to look after it during his absence, against the consent of the landlord, does not as matter of law violate a lease providing that the apartment shall be used as a private dwelling only and shall not be sublet without such consent.

2. QUESTION OF FACT. When the evidence in an action involving the question of a breach of the covenant leaves it in dispute as to whether the lessee's intent was to make his servant a caretaker or tenant of the apartment, the direction of a verdict is error.

*Presby* v. *Benjamin,* 53 App. Div. 637, reversed.

(Argued December 6, 1901; decided January 14, 1902.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 25, 1900, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Frankenheimer* and *A. L. Gutman* for appellant. The court having directed a verdict, the appellant is entitled to the most favorable inferences deducible from the evidence, and all disputed facts are to be treated as established in his favor. (*McDonald* v. *M. S. R. Co.*, 167 N. Y. 68; *Place* v. *N. Y. C. & H. R. R. R. Co.*, 167 N. Y. 347; *Bank of Monongahela* v. *Weston*, 159 N. Y. 208; *S. Nat. Bank* v. *Weston*, 161 N. Y. 520.) The defendant had the right, under his lease, to occupy the flat by himself and his servants; he had the right to place his servant O'Brien in charge of his flat during his absence as caretaker. O'Brien in rendering such services was the defendant's servant and not his tenant, and the refusal of the plaintiff to permit O'Brien to occupy the flat as caretaker amounted to an eviction. (McAdam on Landl. & Ten. 478, 479; Chaplin on Landl. & Ten. 501; *Tallman* v. *Murphy*, 120 N. Y. 345; *Sully* v. *Schmidt*, 147 N. Y. 248; *Stamper* v. *Overseers, etc.*, L. R. [3 C. P.] 338; *Y. Ins. Co.* v. *Clayton*, L. R. [8 Q. B. D.] 421; *H. C. Co.* v. *Pa. Coal Co.*, 8 Wall. 276; *Bruce* v. *F. Nat. Bank*, 79 N. Y. 161; *Zokowski* v. *Astor*, 156 N. Y. 393; *Kerrains* v. *People*, 60 N. Y. 221; *Haywood* v. *Miller*, 3 Hill, 90; *People ex rel.* v. *Annis*, 45 Barb. 304.) It was a question for the jury whether O'Brien was to occupy the flat as servant or tenant, and the direction of a verdict for the plaintiff was error. (*Bagley* v. *Bowe*, 105 N. Y. 171; *McManus* v. *W. Assur. Co.*, 43 App. Div. 550; *Bulger* v. *Rosa*, 119 N. Y. 459; *Williams* v. *D., L. & W. R. R. Co.*, 155 N. Y. 158; *Honegar* v. *Wettstein*, 94 N. Y. 252; *Lever* v. *Foote*, 82 Hun, 393; *Rademacher* v. *G. Ins. Co.*, 75 Hun, 83; *Ofschlager* v. *Surbeck*, 22 Misc. Rep. 595; *Kerrains* v. *People*, 60 N. Y. 221; *Reg.* v. *Spirrell*, L. R. [1 Q. B.] 72.)

*Henry A. Prince* for respondent. The defendant's own testimony shows that the relation between himself and O'Brien was that of landlord and tenant. (*Kerrains* v. *People*, 60 N. Y. 221.) There was no question of fact in the case to be submitted to the jury, and the court did right in withholding the case from the jury. (2 Pars. on Cont. [7th ed.] 623–625.)

CULLEN, J. The action was to recover the rent reserved in the lease of an apartment in the city of New York. The defense was eviction. The claim of the defendant was that upon leaving his apartment before the expiration of the demised term he placed the porter of his store with his wife in the apartment as his servants to take care of the apartment on his behalf during his absence; that the plaintiff refused to allow the defendant's servants to enter or occupy the apartment and that thereupon he surrendered and abandoned the premises to the landlord.

The tenant of the apartment has necessarily as appurtenant thereto an easement of way in the common halls or passages which afford access to the apartment from the street. The unjustifiable refusal of the landlord to suffer the tenant to exercise this right of access would amount to an eviction, for it would destroy the enjoyment of the demised premises. The controverted question in the case is whether the action of the landlord was justified. · He claims that the attempt of the defendant to place his porter in occupation of the premises was in violation of the terms of the lease and that he was entitled to prevent it. By virtue of the right to exclusive occupation which a tenant acquires by his lease he "becomes entitled to use the premises, in the same manner as the owner might have done, except that he must do no act to the injury of the inheritance." (Taylor on Landlord and Tenant, § 172.) This right may be limited or qualified by the terms of the lease, but it is not necessary for the tenant to show any particular provision of the instrument to justify his unlimited right of use and occupation; the landlord who denies it must point

out the covenant which expressly restricts the tenant's rights. The lease provides that the apartment shall be used as a private dwelling only. The defendant's action in no way tended to violate this covenant. The lease contained the further covenant that the lessee would not assign or sublet the premises or any part thereof without the consent of the landlord under penalty of forfeiture. It is first to be observed that " such covenants are restraints which courts do not favor. They are construed with the utmost jealousy, and very easy modes have always been countenanced for defeating them." (*Riggs* v. *Pursell*, 66 N. Y. 193; Taylor on Landlord and Tenant, § 403; McAdam on Landlord and Tenant, § 141.) Thus a covenant not to assign does not prevent an under-letting (*Jackson* v. *Silvernail*, 15 Johns. 277), and a covenant not to under-let the premises is not broken by a sub-lease of a part of the premises. (*Roosevelt* v. *Hopkins*, 33 N. Y. 81.) In this case it is not at all necessary to go to the extent of the authorities cited. It is clear that even under a liberal construction of the covenant, to constitute a violation of this lease the defendant must have attempted to put in possession of the premises a new tenant, not merely a new occupant. To be a tenant a person must have some estate, be it ever so little, such as that of a tenant at will or on sufferance. A person may be in occupation of real property simply as a servant or licensee of his master. In that case the possession is not changed; it is always in the master. (*Kerrains* v. *People*, 60 N. Y. 221.) Therefore, if the defendant sought to place his porter in occupation of the premises as caretaker or as servant he was entirely within his rights. His testimony to this effect was not conclusive. There were circumstances from which the jury might have inferred that the suggestion of a caretaker was a subterfuge, and that the real intent was to make the porter a tenant of the premises. But in this respect the evidence presented a question of fact for the jury to pass upon. The court could not determine it as a matter of law. Indeed, the learned trial court seems not to have passed on this question, but to have disposed of the case on the ground that

placing the porter and his wife in his apartment, even as the defendant's servants, was a violation of the lease. This view, as we have said, was erroneous.

The judgment should be reversed and a new trial ordered, costs to abide the event.

GRAY, BARTLETT and MARTIN, JJ., concur; PARKER, Ch. J., VANN and WERNER, JJ., dissent.

Judgment reversed, etc.