## David Tober v. James W. Collins.

1. LEASE—*what breach of covenant against assignment.* A covenant against assignment of a lease to two persons is broken by an assignment of the undivided moiety of one lessee to the other.

2. LEASE—*covenant not to sublet construed.* A covenant not to underlet does not apply to a mere change in the business of the lessees' firm incident to the admission of a new partner or the withdrawal of an old one.

3. FORFEITURE—*when receipt of rent does not waive right to declare.* Where rent is received by the lessor without knowledge that a cause of forfeiture existed, the right subsequently to declare a forfeiture is not affected.

4. FORFEITURE—*assignment contrary to lease gives right to.* Where a lease is assigned contrary to the inhibition contained therein, a right to declare a forfeiture arises in favor of the lessor.

Forcible detainer proceeding. Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS. Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

F. L. TOMLINSON and BEACH, HODNETT & TRAPP, for appellant.

JOE A. HORN and BALDWIN & STRINGER, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in forcible detainer instituted originally before a justice of the peace, by appellee against appellant, to recover possession of a certain lot in the city of Mt. Pulaski. Upon an appeal to the Circuit Court the cause was tried by the court without a jury and judgment rendered awarding appellee the possession of the premises. The evidence discloses the following facts: On July 11, 1904, O. T. Capps, the then owner of the property, executed a lease of the same to Emile Ringy and Nelson Roberts, partners doing business as Ringy & Co., for a period of one year, which lease contained the following provisions:

"And it is further covenanted and agreed between the parties aforesaid if either of the parties of the second part wish to sell out to the other it shall not affect the conditions of this lease. It is agreed that if the second parties wish to rent the premises for a further term of two years on the same conditions they can do so at their option."

The lease also contained the usual covenant against the assignment thereof without the consent of the lessor in writing, and further provided that in case of the breach of any of the covenants therein by the lessees, the lessor should have the right, at his election, to re-enter the premises and repossess the same. On August 15, 1904, Ringy & Roberts assigned the lease to appellant Tober and one Dubin by indorsing the following thereon:

"For value received we hereby assign all our rights and interest in and to the within lease unto David Tober and Jack Dubin, heirs and assigns. In consideration of the above assignment and the written consent of the party of the first part we hereby assume and agree to make all the payments and perform all the covenants and conditions of the written lease by the said party of the second part to be made and performed."

Said assignment and agreement was signed by Ringy & Co., Tober and Dubin, and the assignment was consented to by Capps, upon condition, however, that the assignees should pay the rent and perform all covenants of the lease, and that no further assignments of the lease, or subletting of the premises, should be made without his written consent first and hereto. ·

On October 27, 1904, Collins, appellee, who had purchased the leased premises from Capps, indorsed upon the lease the following: "As purchaser of the property described in this lease, I hereby agree to the terms and conditions of the same."

On March 27, 1905, appellant purchased the interest of Dubin in the business conducted by them upon the premises, whereupon Dubin assigned his interest in the lease in question to appellant, which assignment was indorsed upon the lease. Appellant thereafter remained in sole possession of the premises, paying the rent to one Scroggin,. a banker at Mt. Pulaski.

On June 8, 1905, he notified appellee in writing that he desired to extend the term of the lease for two years, under the terms thereof above recited, but no response was made by appellee to such notice. On July 11, 1905, appellee notified appellant in writing that he intended to determine said lease on July 11, 1905, and that appellant was thereby required to deliver up immediate possession of the premises. On the same day he brought the present action.

The questions presented under the foregoing facts are, whether the option to Ringy and Roberts to extend the term of the lease for a further term of two years from July 11, 1905, upon the same conditions, passed to Tober, by virtue of the assignments from Ringy and Roberts to Tober and Dubin, and from Dubin to Tober; whether the assignment by Dubin to Tober, without the consent of appellee, constituted a breach of the covenants of the lease, and gave appellee the right to declare a forfeiture of the same, and re-enter the prem-

ises, and whether the acceptance of rent by appellee thereafter, constituted a waiver of such right.

It is first contended by counsel for appellant, that the court erred in holding that the transfer of Dubin's interest in the lease to Tober, was such an assignment at law as violated the covenant against assignment without consent. It is insisted that such transfer was not an assignment, but a mere release of interest, or surrender of possession. The word "assignment" is defined by Bouvier as "The transfer of interest one had in lands and tenements, and more particularly applied to the unexpired residue of a term or estate for life or years." Whether the transfer in question be regarded as an assignment of the lease, or of simply an interest in the lease, it is manifest that a legal right was assigned, and the contention is therefore without force.

While it is true that a covenant not to underlet does not apply to a mere change in the business of the lessee's firm, incident to the admission of a new partner or the withdrawal of an old one (Roosevelt v. Hopkins, 33 N. Y. 81; Hargrave v. King, 5 Ired. Eq. 430; Boyd v. Frat. Assn., 16 App. 574; Taylor's Land. & Ten., sec. 405), such rule is not applicable to the assignment here in question, which substantially changed the original contract.

The personal integrity and carefulness on the part of Dubin as to the care of the premises was lost to the lessor by his withdrawal from the joint contract, and the possible individual recklessness or carelessness of Tober substituted therefor. It may have been that the original lessor, Capps, in consenting to the assignment relied upon the character of Dubin as a responsible and prudent person, and that he did not possess like confidence in Tober.

It is also urged that there can be no assignment of a lease, unless the entire interest is assigned simultaneously. Such position is also untenable. To the extent of the interest transferred it is obvious that the lease is assigned. To hold otherwise would often de-

feat the purpose of covenants against assignments without consent. By the assignment of individual interests at different times to different persons, an entirely different tenant, or set of tenants, could be readily substituted for the original tenant or tenants without the consent of the lessor, thus thrusting upon him undesirable or objectionable tenants, notwithstanding he has, by the covenants of the lease, guarded against such contingency.

The contention of appellant that the assignment did not work a forfeiture because of the clause in the original lease to Ringy and Roberts, providing that a sale from one of them to the other should not affect the conditions of the lease, is equally without merit. Even if it be conceded that such clause was intended to modify the covenant against assignment without consent, the benefit of such modification could only apply as to the original lessees. While Capps may have been willing to make such concession to Ringy and Roberts it does not follow that he intended that the privilege should extend to subsequent assignees. This is apparent from the fact that when he indorsed his consent to the assignment of the lease to Dubin and Tober, he expressly provided that no further assignment should be made without his written consent.

A covenant against assignment in a lease to two persons is broken by an assignment of the undivided moiety of one lessee to the other. The covenant, though it relates to the estate of the two, necessarily involves the interest of each and neither of them can assign the whole or any part of his interest without consent. Varley v. Coppard, L. R. 7 C. P. 503; Jones Land. & Ten., sec. 468.

It is finally contended that the court erred in refusing to hold that because appellee had knowledge through his agent of the assignment of Dubin to Tober, and afterward accepted rent from Tober, he thereby waived the right of forfeiture. The evidence shows

that at the time Dubin sold his interest in their joint business to Tober, one Scroggin, a banker at Mt. Pulaski, wrote the assignment from Dubin to Tober, at the request of Tober. Appellant contends that Scroggin was the agent of appellee and that notice to him of the assignment was notice to appellee, his principal. The only evidence in the record tending to show the nature and character of the agency of Scroggin, is his testimony, and that of appellee. Scroggin testified that after the purchase of the property by appellee, he arranged with witness, who had been receiving the rent under the lease for Capps, to continue to do so for him, but that no further authority was given him; and further, that at the time Dubin sold his interest to appellant, witness, at the request of appellant, wrote the form of the assignment from Dubin to appellant, on the back of their copy of the lease, but that witness never informed appellee of the fact that appellant had purchased Dubin's interest or that the same had been so assigned. Appellee testified that he made the arrangement for the receipt of the rent by Scroggin, but that he never gave him any further authority, and that he, witness, did not know of the assignment by Dubin to appellant until about June 1, 1905. Inasmuch as Scroggin was the agent of appellee for the limited purpose of receiving the rent, and not for the purpose of leasing the premises or consenting to an assignment of the lease, the trial court properly held that his knowledge of the assignment could not be attributed to appellee. Knowledge to an agent is not knowledge to his principal, unless the knowledge was acquired by the agent while acting in the scope of his authority, and in reference to the matter over which his authority extends. Mecham on Agency, sec. 718. The rent in question having been received by appellee without knowledge that a cause of forfeiture existed, he cannot be held to have waived the right to insist upon a forfeiture. Webster v. Nichols, 104 Ill. 160; Vanderbilt v. Wil-

liams, 145 Ill. 238; Kew v. Trainor, 50 App. 636; S. C. 150 Ill. 150.

The assignment by Dubin of his interest to Tober, without the consent of appellee, clearly constituted a breach of the covenant relative to assignment (2 Woodfall's Land. & Ten., sec. 661) and operated to forfeit the term thereof, and under the terms of the lease gave appellee the right to re-enter (Taylor on Land. & Ten., sec. 278; Kew v. Trainor, 150 Ill. 150), of which rights he availed himself upon learning of the breach.

The question whether the mere surrender of possession by Dubin to Tober would of itself have constituted a breach of the covenant against assignment and upon which counsel for appellant has cited numerous authorities, does not arise here.

The position that appellant by virtue of the assignment of the lease by Ringy & Co. to Dubin and himself, and by Dubin to him, he became entitled to the right to exercise the option to extend the term for two years, is untenable. While it is doubtless true as a general rule that the right to renew a lease is assignable and passes under a valid assignment of the lease, the only assignment to which Capps gave his consent was that to Tober and Dubin jointly, and the option could therefore have been exercised only by them jointly and not by Tober as an individual.

The further contention that the suit at bar was prematurely brought appears to have been raised in this court for the first time and will therefore not be considered.

The judgment of the Circuit Court is affirmed.

*Affirmed.*