CITY OF WATERVILLE *vs.* C. B. KELLEHER.

Kennebec.   Opinion March 5, 1928.

*Cyril M. Joly*, City Solicitor,
*Mark J. Bartlett*, for plaintiff.
*Perkins & Weeks*,
*Merrill & Merrill*, for defendant.

SITTING : WILSON, C. J., DUNN, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J.  On report.  Action of forcible entry and detainer brought for the recovery of possession of the City Opera House occupied by defendant under a lease from plaintiff.  The lease contained a clause forbidding assigning or subletting which plaintiff claims was violated by defendant and that, therefore, the lease was forfeited.

This claim of the plaintiff is based on a contract entered into between defendant and William P. Gray, agent for Waterville Theatres, Inc., which plaintiff construes to be equivalent in law to an assignment or sublease.

Defendant claims that the contract constitutes neither an assignment nor a subletting.  The construction of the contract thus becomes a matter of ultimate importance.

When the contract was entered into, this defendant was operating a motion picture theatre on the leased premises.  Waterville Theatres, Inc., was engaged in a similar business in Haines Theatre in the same city.

The contract provided (1) that both theatres should be operated by and under the general supervision of Waterville Theatres, Inc., which was to select the exhibitions for both but not to omit the giving of exhibitions in the Opera House without the consent of defendant; (2) that all employees of both theatres should be hired, discharged and have their rate of compensation fixed by Waterville Theatres, Inc.; (3) that the combined receipts of both theatres should be deposited in one account, out of which should

be paid expenses of operation, profits or losses to be divided equally between the contracting parties; (4) that rent for both theatres should be paid as part of expense of operation, before division of profits or adjustment of losses; (5) that permanent improvements in either theatre should only be made by mutual consent.; (6) that accidents, liability for damages from any cause, losses by fire concerning either theatre should be borne by each party respectively; (7) that if either theatre was closed, parties should share in profits of the one remaining open; (8) that the operation and management of Opera House should be subject to terms of defendant's lease; (9) that defendant should retain control of letting Opera House to local parties; (10) that either party might terminate the contract by giving the other thirty days' notice in writing of his desire to do so.

The clause in the lease, for alleged violation of which plaintiff claims a forfeiture, reads: "that he will not assign or underlet the premises or any part thereof . . . without the consent of the lessor in writing." Such consent, admittedly, has not been given.

The distinction between an assignment and a subletting is clear. An assignment by a lessee is a transaction by which he transfers his entire interest in the premises or a part thereof for the unexpired term of the original lease. *Craig* v. *Summers*, 15 L. R. A., 236; *Childs* v. *Clark*, 49 Am. Dec., 164; Note, 10 A. S. R., 558. To constitute an assignment the instrument must convey the entire estate or interest conveyed by the lease. *Davis* v. *Vidal*, 42 L. R. A. (N. S.), 1084. An assignment creates no new estate but transfers an existing estate into new hands, while a sublease creates an entirely new estate. *Collins* v. *Hasbrook*, 15 Am. Rep., 407.

If the instrument is of such character by its terms and conditions that a reversionary interest by construction remains in the grantor, he becomes the landlord and the grantee the tenant. The tenant who parts with the entire term embraced in the lease becomes an assignor of the lease and the instrument is an assignment but where the tenant, by the terms, conditions or limitations of the instrument, does not part with the entire term granted him by the landlord, so that there remains a reversionary interest in him, the transaction is a subletting not an assignment. *Davis* v. *Vidal*, supra.

Covenants against subletting are restraints which courts do not favor. They are construed with the utmost jealousy and easy modes have always been countenanced for defeating them. *Gasby* v. *Williams*, 147 Fed., 678; *Presby* v. *Benjamin* (N. Y.), 62 N. E., 430; Taylor, Landlord and Tenant, sec. 403; McAdam, Landlord and Tenant, sec. 141.

Thus a covenant not to assign does not prevent subletting, *Jackson* v. *Silvernail*, 15 Johns., 278; and a covenant not to sublet the premises is not broken by a sublease of a part of the premises. *Roosevelt* v. *Hopkins*, 33 N. Y., 81.

Even under a liberal construction of the covenant against subletting, to constitute a violation of the lease, lessee must have put in possession of the premises a new tenant, not merely a new occupant. To be a tenant a person must have some estate, be it ever so little, such as that of tenant at will or on sufferance. A person in occupation of real estate as a servant or licensee is not a tenant. *Kerrains* v. *People*, 60 N. Y., 22; *Presby* v. *Benjamin*, supra. The granting of a license with respect to the demised premises is not a subletting. Notes, 117 A. S. R. 93; Notes, 19 Ann. Cas. 954.

It could not be argued that the contract between defendant and Waterville Theatres, Inc., constituted an assignment of the lease. Certainly, defendant did not part with his entire estate in the premises and we do not understand that plaintiff seriously claims an assignment but relies upon a subletting. This being so, the cases *Fayette* v. *Fayette*, 44 Que. Super., 536, and *Emery* v. *Hill*, 67 N. H., 330, relied upon by plaintiff, are not in point, as these cases relate to assignments and not subletting. *Clifford* v. *A. & K. Ry. Co.*, 121 Me., 15, turned on the construction and effect of a specific clause in the lease which provided that an assignment by process of law should work a forfeiture, an entirely different proposition from that presented here.

Plaintiff here claims that the contract between defendant and Waterville Theatres, Inc., was equivalent to defendant's forming a partnership with another, not a party to the original lease, and that such action amounts to a subletting and hence creates a forfeiture. Assuming that his premise is correct, the conclusion does not necessarily follow. There is a conflict of authority on this point arising from the fact that some courts construe the provision

strictly against the lessor while others do not. Generally speaking, the American courts follow the rule laid down in *Riggs* v. *Pursell*, 66 N. Y., 193, and favor a construction liberal to the tenant. In *Boyd* v. *Fraternity Hall Association*, 16 Ill. App., 576, the court, relying on the authority of *Roe* v. *Sales*, 1 Maule and Selwyn, 297 ; *Roosevelt* v. *Hopkins*, 33 N. Y., 81 and *Margrave* v. *King*, 5 Ired. Eq., 430, declared that "Where the tenant without license from the landlord, takes a third person into co-partnership with him and lets such person into joint possession of the premises, it is not a breach of a condition in the lease against subletting." To the same effect are *Maloney* v. *Smith* (Ala.), 80 So., 169 ; *Spangler* v. *Spangler* (Cal.), 104 Pac., 995.

But we are not called upon to decide that precise question here. We think that this case falls more within the line of *Boston Elevated Railroad Co.* v. *Grace and H. Co.*, 50 C. C. A., 239, and *Markowitz* v. *Greenwall Theatrical Circuit Co.* (Texas), 75 S. W., 74.

In the former case, the lessee who had agreed to erect and maintain a chute and other amusement structures contracted with a third party to build the chute agreeing that such third party should have exclusive possession of the chute and a lien on its income until the amount owing it was paid, after which it should have a one-third interest in the chute and its earnings. The court held that this third party was an agent of the lessee and that the contract was not one of subletting.

In the latter case, discussing a situation in many respects similar to that presented here, the court said, "The lease of the premises to appellee did not carry with it the obligation to conduct therein a theatrical enterprise, but only conferred the privilege to do so. We are unable to perceive the force or reasonableness of the contention that one, for instance, who procures a lease of a building for the purpose of conducting therein a mercantile business, may not take with him into the business a partner, and yet retain the absolute ownership of the lease."

The relation of landlord and tenant between the defendant and Waterville Theatres, Inc., or between the defendant on the one hand and a combination of himself and Waterville Theatres, Inc.,

on the other, was not created by the contract in question. Such a relation must exist in order to assume a subletting.

The purpose of the contract was to turn over the management of defendant's moving picture business to Waterville Theatres, Inc., subject to certain limitations and conditions. If a contract had been executed between the parties hereto, exactly similar to that which appears here, excepting that the party of the first part should receive one hundred dollars per month for services rendered by it, it is not conceivable that anyone would have regarded it as an assignment of the lease or a subletting. The situation is no different because instead of a stated sum, the party of the first part is compensated by being paid a percentage of the net profits of the business, nor does it matter that the party of the first part also operates another theatre and that as a part of the arrangement defendant is to share in its profits.

Defendant was not, under his lease, obligated to personally manage his theatrical business. He could not assign his lease or sublet the premises or any part thereof but he could employ whom he chose to manage his business and the matter of how such manager was to be compensated was something with which his landlord is not concerned.

We find no violation of the provisions of the lease relating to assignment or subletting and no other cause for forfeiture is assigned by plaintiff.

*Judgment for defendant.*