COUNTY OF PUTNAM, Landlord, *v.* RUSSELL B. WIXOM, Tenant.

County Court, Putnam County, February 5, 1930.

*Willis H. Ryder*, for the petitioner.

*Charles A. Hopkins*, for the respondent.

*Hamilton Ward, Attorney-General* [*George W. Davis* of counsel], for the State Department of Social Welfare, as *amicus curiæ*.

BAILEY, J. The board of supervisors of Putnam county instituted this proceeding under the provisions of section 1410 of the Civil Practice Act for the removal of the defendant from the premises known as the Putnam county farm.

By a resolution adopted by the board of supervisors on the 4th day of January, 1928, the defendant was appointed keeper of the county farm for a term of two years from April 1, 1928, to April 1, 1930. This resolution also fixed the salary to be paid for such employment. In adopting the foregoing resolution the board of supervisors exercised the authority vested in them by the provisions of chapter 118 of the Laws of 1856, entitled "An act to abolish the office of county superintendent of the poor of the county of Putnam, and to authorize the board of supervisors to employ a keeper of the county poor house and farm."

By Laws of 1929, chapter 565, the Public Welfare Law of the State of New York was enacted; section 166 of the foregoing statute specifically repealed the former Poor Law and also repealed chapter 118 of the Laws of 1856. The Public Welfare Law became effective in part on April 12, 1929, and wholly effective on January 1, 1930, and provided for a commissioner of public welfare in each county who should administer public relief and have general supervision and care of persons in need.

On January 2, 1930, the board of supervisors of Putnam county, acting under and by the terms of the Public Welfare Law, appointed a commissioner of public welfare, and on January 7, 1930, adopted a resolution discharging the defendant as keeper of the county farm.

The defendant has refused to vacate the premises, contending that because of the resolution of the board engaging him until the 1st day of April, 1930, he has a right to occupy the property until the expiration of his term.

The petition alleges that by the enactment of chapter 565 of the Laws of 1929, known as the Public Welfare Law, the defendant has been legislated out of his position as keeper of the county farm and for that reason should be removed from the premises. On the other hand, it is contended on behalf of the defendant that by virtue of his employment for a fixed period and at a fixed salary, the defendant has a vested right, under said contract, to the possession of the premises until the expiration thereof. I cannot ascribe

to either of these views but am of the opinion that the paramount question to be determined is as to the nature of the holding of the premises by the defendant and whether the relationship of employer and employee was lawfully terminated.

Although the resolution appointing the defendant as keeper of the county farm made no reference to his occupancy of the premises, the nature of the duties implied that he reside upon the premises. And it was admitted upon the trial, on behalf of the defendant, that the occupancy of the county farm was part of the wages and salary of the keeper.

This brings the case clearly within the principles enunciated in *Kerrains* v. *People* (60 N. Y. 221) where the court said: " If the occupation is connected with the service, or if it is required, expressly or impliedly, by the employer for the necessary or better performance of the service, then it is for his benefit and he continues in possession."

And in *Presby* v. *Benjamin* (169 N. Y. 377) the Court of Appeals held as follows: "A person may be in occupation of real property simply as a servant or licensee of his master. In that case the possession is not changed; it is always in the master."

The relation of employer and employee having been thoroughly established, and it also appearing that the occupancy of the premises was considered essential by both parties to the contract, the only question to be determined is whether the relation was lawfully terminated.

By its resolution adopted January 7, 1930, the board of supervisors discharged the defendant as keeper of the county farm. An attempt was made upon the trial to show that the discharge of the defendant prior to the expiration of the term was for legal cause and, therefore, justifiable

With that consideration, however, the court is not concerned in this proceeding, and cannot undertake to determine whether the board of supervisors was justified in law in discharging the defendant.

It is my opinion that the discharge, without reference to its merits, was sufficient to lawfully terminate the contract of employment, and that the relation of employer and employee ceased to exist.

The law appears to be thoroughly established in this State that when an employee became the occupant of premises as an incident of his employment, his right to occupy the premises ceased when the relation of employer and employee was terminated.

A final order may be entered awarding delivery of possession of the premises to the petitioner.