## Kleros Building Corporation, Appellant, v. Sam Battaglia, Appellee.

### Gen. No. 45,754.

Opinion filed December 3, 1952. Released for publication December 18, 1952.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, and THOMAS W. BARRETT, JR., of Oak Park, for appellant; VERNON M. WELSH, CHARLES R. MORROW, both of Chicago, and THOMAS W. BARRETT, JR., of Oak Park, of counsel.

GUERINE & GUERINE, of Melrose Park, for appellee; GUY C. GUERINE, of Melrose Park, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This action originated as a forcible entry and detainer proceeding before a justice of the peace, where a judgment for possession was awarded to plaintiff. Upon appeal to the superior court of Cook county, a hearing without a jury resulted in a finding and judgment for defendant, from which plaintiff appeals.

Plaintiff entered into a written lease dated April 1, 1946, with Sam Battaglia and Henry J. LaCroix, as lessees, for a term ending March 31, 1951. The lessees conducted a food mart in the demised premises under the trade name Harrison Food Mart. Checks for rent up to August 1947 were signed by LaCroix, when LaCroix, it appears, withdrew from the business, and thereafter Battaglia signed the checks for rent. Whether the evidence establishes that LaCroix was a mere employee or manager for defendant, or a partner, or whether Battaglia continued to pay the rent by checks signed by him, after LaCroix withdrew from the business and before Battaglia served his notice, has no material bearing upon the conclusion reached upon the controlling question. There was no assignment of any interest of LaCroix, in the lease, to Battaglia, and such assignment could not be effective had it been made, without the consent of the lessor.

The lease contained the usual provision against subletting or assignment of the lease by the lessees without the written consent of the lessor. A rider attached to the lease, which became a part thereof, provided:

"Lessee' shall have the option to renew this lease at the same rental and terms for an additional period of five (5) years beginning April 1, 1951, provided *they* serve notice of their election so to do on Lessor on or before January 1, 1951, by registered United States mail, return receipt requested." (Italics ours.)

On November 10, 1950, defendant Sam Battaglia sent a written notice to plaintiff of his election to renew the lease for a period of five years. The notice was signed "Sam Battaglia." The option ran to both lessees, and the right to exercise the option was based upon the provision that "they" (the lessees) serve notice of their election so to do.

■■ *Tober v. Collins,* 130 Ill. App. 333, is almost identical with the instant case. There, the lease con-

tained an option for renewal. The lessor had agreed to an assignment of an existing lease, containing said option, to David Tober and Jack Dubin. Thereafter, Tober purchased the interest of Dubin, who assigned his interest in the lease to Tober, but the consent of the lessor was not obtained. The court there said:

"A covenant against assignment in a lease to two persons is broken by an assignment of the undivided moiety of one lessee to the other. The covenant, though it relates to the estate of the two, necessarily involves the interest of each and neither of them can assign the whole or any part of his interest without consent.

"* * *

"The position that appellant by virtue of the assignment * * * became entitled to the right to exercise the option to extend the term for two years, is untenable. While it is doubtless true as a general rule that the right to renew a lease is assignable and passes under a valid assignment of the lease, the only assignment to which Capps [original lessor] gave his consent was that to Tober and Dubin jointly, and the option could therefore have been exercised only by them jointly and not by Tober as an individual."

Like holdings are found in *Goldberg v. Himlyn,* 201 N. Y. Supp. 837; *Lamenza v. Shelton,* 96 Conn. 403, 114 Atl. 96; and *De Angeles v. Cotta,* 62 Cal. App. 691, 217 Pac. 821.

We think the rule announced in the cases cited is sound and applies to the instant case. Defendant alone could not legally exercise the option in question.

The judgment of the superior court is reversed and the cause remanded with directions to enter judgment for plaintiff.

*Reversed and remanded with directions.*

Lewe, P. J. and Kiley, J., concur.