A. A. LANDER, Appellant,

v.

Walter Michael WEDELL, Appellee.

No. 18050.

Court of Civil Appeals of Texas, Dallas.

March 29, 1973.

Rehearing Denied April 19, 1973.

Roy L. Cole, Burford, Ryburn & Ford, Dallas, for appellant.

Paul H. Stanford, Akin, Stanford & Gilliland, Paul W. Wisdom, Jr., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This action, in the nature of trespass to try title, declaratory judgment, specific performance, to quiet title, and for damages was brought by Walter Michael Wedell, one of the lessees under a lease from A. A. Lander, as lessor. The principal question presented is whether the lessee's option to renew the primary term of the lease was properly exercised and, if it was, what damages, if any, lessee was entitled to for the period from the expiration of the primary lease term until possession under the extended option period was restored to lessee. The case was tried before the court and a jury and after the evidence was concluded the trial court ruled that as a matter of law the option had been properly exercised. The court thereupon sub-

mitted to the jury the single question of fair rental value for the leased premises. Based upon the jury's answer to this issue the court rendered judgment that Wedell was entitled to possession of the premises until the end of the option period, and was also entitled to receive the sum of $41,850, plus interest, representing rents received by Lander from a sublessee since the expiration of the primary term of the lease.

Lander appeals and contends primarily that the trial court erred in failing to render judgment to the effect that, as a matter of law, lessee's option to renew or extend the lease in question was not validly exercised and that therefore Wedell had no interest in the property or in rents therefrom after October 30, 1969.

The facts are practically without dispute. On October 25, 1961 appellant Lander, as lessor, leased certain premises located in Dallas, Texas to Wedell and Kenneth P. Goodson, both designated in the written lease as "Lessee". Paragraph 11 of the lease agreement authorized assignments of the leasehold interest by the lessee subject to certain restrictions and limitations. Paragraph 19 of the lease and subdivision (a) thereof provided:

"Lessee may at its option extend this Lease for a period beginning with the end of the primary term hereof to the last day of May, 1980, upon the terms and conditions of this Lease and at a monthly rental of $2,000.00."

Subdivisions (b) and (c) contained alternative option provisions not here pertinent. In subdivision (d) it was provided that in the event lessee elects to exercise any of the foregoing renewal options "it shall give written notice thereof to Lessor not later than three months prior to the beginning of such renewal period."

Paragraph 21 of the lease provided:

"The terms 'Lessor' and 'Lessee' as used herein include the named Lessor and Lessee, and their respective heirs, executors, administrators, personal repre-

sentatives and assigns, as well as any persons, entities, or corporations deriving any right, claim, title or interest in this lease or the properties covered hereby, by, through or under the named Lessor and Lessee, respectively."

On December 15, 1964 Wedell and Goodson, the original lessees, assigned a portion of their leasehold interest to Don E. Miller by authority of paragraph 11 so that each owned an undivided one-third interest in the leasehold estate.

On January 30, 1967, Goodson assigned his interest in the lease to Ralph D. Baker, trustee for benefit of Goodson's creditors. In October, 1968 Goodson died and in November, 1968 Miller died. Miller died intestate, and no administration was applied for on his estate until August 4, 1969, which was after the date for notifying lessor of intent to exercise the option to renew the lease.

On March 31, 1969 Wedell wrote a letter, by certified mail, addressed to Lander in which he stated:

"In accordance with Section 19, *Renewal Option*, and subparagraph (a) of such section of that certain Commercial Lease entered into on or about October 25, 1961, between you, as Lessor, and the undersigned, as a Lessee, notice is hereby given that the undersigned hereby exercises his option to extend such Lease (including and extending that certain Lease dated December 12, 1961, between you as Lessor and the undersigned as a Lessee, wherein was leased certain real property adjoining the property leased under the aforesaid Commercial Lease dated October 25, 1961) for a period beginning with the end of the primary term thereof to the last day of May, 1980, upon the terms and conditions of such Lease and at a monthly rental of $2,000."

It is agreed that the primary term of the original lease expired October 31, 1969.

Accordingly, the letter dated March 31, 1969 from Wedell to Lander was within the proper time to give the notice.

There is no evidence that Baker made any effort to exercise the option on behalf of the Goodson interest prior to the deadline for taking such action. Several months after the option deadline had expired Baker died. Since November 1, 1969 the premises have been occupied by a tenant under a short term lease from Lander.

The question is thus squarely presented: Was the action on the part of Wedell, one of the joint tenants, in attempting to exercise the option to renew the lease effective to accomplish the renewal in the absence of express action on the part of the other two tenants? Appellant Lander contends that under the undisputed facts before the court only one of the three co-tenants of the leasehold actually exercised his option to renew the lease in accordance with the terms thereof. Lander points to the unambiguous language contained in the letter written by Wedell in which he expressly states that he hereby exercises *"his option"* and refers to himself as *"the undersigned, as a Lessee."* \* Taking the position that only Wedell, the owner of a one-third interest in the leasehold, exercised the option to renew the lease appellant relies upon the rule of law that one tenant in common cannot bind his co-tenants or their interests in the estate by his sole contract unless specifically authorized to do so. 51C C.J.S. Landlord and Tenant § 58(1), p. 180; 20 Am.Jur.2d 190–191; Zimmerman v. Texaco, Inc., 409 S.W.2d 607 (Tex.Civ.App., El Paso 1966); Myers v. Crenshaw, 116 S.W.2d 1125 (Tex.Civ.App., Texarkana 1938, affirmed Tex.Comm.App., 137 S.W.2d 7); and Willson v. Superior Oil Co., 274 S.W.2d 947 (Tex.Civ.App., Texarkana 1954).

The court in Myers v. Crenshaw, supra, pointed out that unlike the ordinary co-partnership wherein each partner is the

---

\* Emphasis throughout this opinion, unless otherwise indicated, is supplied.

agent of all the others to transact the business, each owner in a co-tenancy acts for himself and no one is the agent of another or has any authority to bind him merely because of the relationship.

Authorities from other jurisdictions support this rule of law. In Gurunian v. Grossman, 331 Mich. 412, 49 N.W.2d 354 (1951), an option to renew a lease was vested in two co-tenants. Only one of the co-tenants attempted to exercise the option and the court held that such did not constitute a sufficient exercise of the option agreement to renew the lease. See also Kaimann v. Spivak, 17 S.W.2d 599 (Mo. App.1929); and Kleros Building Corp. v. Battaglia, 348 Ill.App. 445, 109 N.E.2d 221 (1952).

There is no evidence in this record to support the contention that Wedell was acting as agent or personal representative for either of his co-tenants. Certainly there is no claim by Wedell that he intended by his letter of March 31, 1969 to exercise the option to renew on behalf of the Miller interest.

Appellee argues that under the provisions of paragraph 21 of the lease agreement, copied above, Wedell had the right and power to exercise the option not only for himself but on behalf of the other co-tenants. He contends that the provisions of the lease contract are clear that the parties did not intend to limit the right to give notice to only the original "named Lessee" to sign the lease. We cannot agree with appellee's construction of the wording of the lease agreement. Paragraph 21 expressly designates the four categories of persons or entities who may give the notices required by the lease: (1) the named lessee; (2) the named lessee's heirs, executors, administrators, personal representatives; (3) the named lessee's assigns; and (4) any persons, entities, or corporations deriving any right, claim, title or interest in the lease or the properties covered thereby, by, through or under the named lessee. In this case Wedell, in his letter to Lander, expressly stated that as "*a Lessee*" he exercised "*his*" option to renew. He does not assert any authority as an agent or does he state that he is taking the action as a person deriving a right or claim by or through the named lessee.

Appellee relies upon the cases of Burke v. Shafer, 189 S.W.2d 444 (Tex.Civ.App., Austin 1945) and Law v. Lubbock National Bank et al., 21 S.W.2d 92 (Tex.Civ.App. Amarillo 1929). A reading of these cases demonstrates facts which are clearly distinguishable from those in the instant case.

We hold, as a matter of law, that the undisputed record in this case reveals a failure on the part of the co-tenants, as lessees, to properly and effectively renew the option contained in the original lease. The attempted exercise of the one-third portion of the option to renew was a nullity since lessor could not be legally forced to accept a renewal of a part of the leasehold interest only. To adopt the contention of Wedell would be equivalent to our making a new and different agreement for the parties. This we cannot do.

Since there was a failure to exercise the option to renew the lease the trial court should have sustained appellant's motion for instructed verdict and rendered judgment that appellee take nothing by his action.

In view of our action in sustaining appellant's first point of error we find it unnecessary to consider or pass upon the other two points of error advanced.

The judgment of the trial court is reversed and judgment is here rendered that any and all relief prayed for by Walter Michael Wedell be and the same is expressly denied.

Reversed and rendered.