**TAYLOR OIL COMPANY, INC.,**
**Plaintiff and Appellant,**

v.

**CONTEMPORARY INDUSTRIES COR-**
**PORATION, d/b/a 7-Eleven Stores,**
**Defendant and Appellee.**

No. 12925.

Supreme Court of South Dakota.

Argued Sept. 9, 1980.

Decided May 20, 1981.

Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Harold C. Doyle of May, Johnson, Doyle & Becker, P. C., Sioux Falls, John H. Stone of Neiman, Neiman, Stone & Spellman, P. C., Des Moines, Iowa, for defendant and appellee.

ANDERST, Circuit Judge.

After the jury returned a verdict in favor of appellant in this forcible entry and detainer action, the court entered an order granting appellee's motion for judgment notwithstanding the verdict. We affirm.

In 1972, Taylor Realty Co., Inc., leased a retail gasoline service station located at the southwest corner of Interstate 229 and Cliff Avenue in Sioux Falls from its owner. Taylor Realty Co., Inc., then orally assigned its leasehold rights to Taylor Oil Company, Inc. (Taylor). Taylor remodeled the service station and converted it into a convenience store.

On August 21, 1973, Taylor subleased the premises to Midwest Service Stores, Ltd., (Midwest), Phillip Onnabone and Marvin Poole. Midwest operated the convenience store and a self-service gasoline island under the trade name Pik-N-Pak.

In 1975, Midwest defaulted on its rent payments to Taylor. After default by Midwest, Service Stores Corp. of America (Service Stores), on April 1, 1975, took over the assets and operation of Midwest, continuing under the name of Pik-N-Pak. On February 10, 1976, Service Stores filed a petition under Chapter XI of the Bankruptcy Act.

Contemporary Industries Corporation (Contemporary) was formed to purchase the assets of Service Stores through the bankruptcy proceedings and thereby assume control of the Pik-N-Pak convenience stores. The purchase was subject to the approval of the official creditors' committee and the Bankruptcy Court in the Chapter XI proceedings. The purchase agreement was approved by the creditors' committee on July 15, 1976. Tom Taylor, president of Taylor, was a member of the creditors' committee

and voted to approve the agreement. The purchase of Service Stores by Contemporary was consummated by an agreement dated July 21, 1976.

Contemporary assumed operation of the store in July of 1976 and has paid rent to Taylor on a monthly basis as required by the lease since that time. Contemporary represented to Taylor that it was also interested in acquiring other locations in Sioux Falls. Tom Taylor responded that Taylor had several suitable sites that it would be interested in leasing to Contemporary and thereafter supplying the locations with gasoline. Contemporary and Taylor agreed that they would execute a uniform lease and gasoline supply contract for all locations, including the one in question, at the conclusion of their negotiations. The negotiations continued until the spring of 1978, when Contemporary informed Taylor that it had acquired a petroleum corporation and would not enter into any gasoline supply contracts with Taylor.

By letter dated April 10, 1978, Taylor informed Contemporary that the oral month-to-month lease of the store was being terminated effective May 31, 1978. Contemporary, by letter dated May 16, 1978, refused to vacate the premises. A Notice to Quit was served upon Contemporary on June 13, 1978. Taylor then initiated this action against Contemporary.

Three issues were raised in support of the motion for judgment notwithstanding the verdict: (1) Did the lease prohibit assignment without the written consent of Taylor? (2) If required, did Taylor waive the restriction prohibiting assignment without written consent? (3) If the written consent of Taylor was required, was it unreasonably withheld? All three issues were again raised on appeal for our review.

The August 21, 1973, lease between Taylor and Midwest was for a period of ten years from and after September 1, 1973, with an option to renew for five years. The other pertinent provision of that lease is paragraph 16:

16. *Assignment and Sublease.* Tenant may sublet all or portions of the leased property for the remainder of the term with the specific written approval of the Landlord, which approval shall not be unreasonably withheld, provided that the business or occupation of the subtenant is not extrahazardous, disputable [sic] or illegal, and provided further that the Tenant shall remain primarily liable for the payment of the rent herein reserved, and for the performance of all the other terms of this Lease required to be performed by Tenant.

■ This Court has held that covenants in leases against assignment are valid and enforceable, but that such restraints against alienation are looked upon with disfavor and will be strictly construed against the lessor. *Smith v. Hegg*, 88 S.D. 29, 214 N.W.2d 789 (1974); *Baron Bros., Inc. v. National Bank of S.D., Sioux Falls*, 83 S.D. 93, 155 N.W.2d 300 (1968). As we said in the latter case, lease provisions that restrict or prohibit the right of the lessee to assign or sublet the premises without the consent of the lessor " ' are construed with the utmost jealousy, and very easy modes have always been countenanced for defeating them.' " 83 S.D. at 100, 155 N.W.2d at 303–04, quoting *Presby v. Benjamin*, 169 N.Y. 377, 62 N.E. 430, 431 (1902). We see no reason to deviate from or change our prior holdings.

■ Appellant argues that it did not waive the restriction in the lease prohibiting its assignment without the lessor's consent. We disagree. As we said in *Smith v. Hegg*, supra:

Such clauses are inserted in leases for the benefit of the lessor.... As such, the restriction can be waived by the consent of the lessor manifested in either word or conduct....

The receipt of rent by the lessor, in the face of a restriction against assignment without the lessor's consent, is normally a waiver of such restriction.

88 S.D. at 33, 214 N.W.2d at 791 (citations omitted).

Even assuming, as appellant argues, that it had no knowledge of the transfer between the original lessee, Midwest, and Service Stores, Taylor was completely privy to the transaction between Service Stores and Contemporary wherein all leasehold rights of Service Stores were transferred to Contemporary. This transfer included assignment of the lease in issue. Taylor accepted the monthly rental and other benefits and neither objected to the assignment nor sought forfeiture of the lease for almost two years. By its actions, Taylor waived its right to object to the assignment without its written consent.

In accordance with the foregoing, we find it unnecessary to determine the final issue raised on appeal.

The order of the trial court granting appellee's motion for judgment notwithstanding the verdict is affirmed.

All the Justices concur.

ANDERST, Circuit Judge, sitting for MORGAN, J., disqualified.