**Paul V. HARGIS and Patricia B. Hargis, Plaintiffs-Appellants,**

v.

**Gary B. ELEIOTT and Natalie Eleiott, Defendants-Respondents.**

No. 12555.

Missouri Court of Appeals, Southern District, Division One.

July 20, 1982.

James M. Kelly, Republic, for plaintiffs-appellants.

Gerald W. Gleason, Tucker & Gleason, Springfield, for defendants-respondents.

PREWITT, Judge.

Plaintiffs, the fee simple owners of real estate, sought to oust defendants from possession of it. Defendants claimed possession as lessees of a written lease that they contend was properly extended. Plaintiffs assert that defendants' attempts at extension of the lease had been ineffective. The trial court, finding that the lease had been extended, denied plaintiffs' request for possession and plaintiffs appealed.

The lease, dated November 15, 1975, and effective that day, was between plaintiffs as "Owners" and defendants and Dennis D. Murray and Patricia A. Murray as "Tenants". It provided for an initial term of five years, terminating on November 15, 1980, with "an option on the part of Tenants to renew this lease for an additional period of five (5) years upon the same terms and conditions" if the tenants give notice of their "intention to renew" at least sixty days "in advance of the end of the original lease term." * By written notice to plaintiffs on July 14, 1980, defendants sought "renewal" of the lease.

One of the questions presented to the trial court was whether the notice was effective to extend the lease. Plaintiffs say it was invalid because it was only "signed by two of the four tenants". If one lessee has authority to bind his colessees he can extend or renew a lease. 51C C.J.S. Landlord and Tenant § 58(1), p. 180. See also *Lander v. Wedell*, 493 S.W.2d 271, 273–274 (Tex.Civ.App.1973).

The parties filed an agreed statement as the record on appeal. Rule 81.13(a). In the statement they adopt the findings of fact of the trial court. The trial judge found that Dennis D. Murray and Patricia A. Murray were "inactive partners" with defendants in the operation of a salvage yard conducted on the premises covered in the lease. The notice of extension was given so they could continue that use of the premises. According to the record before us, the notice was given for purposes of the partnership business and was binding on all the partners. See § 358.090, RSMo 1978; 60 Am.Jur.2d, Partnership, § 152, p. 76; 68 C.J.S. Partnership § 152b(1), p. 589. As it appears that defendants had authority to bind the Murrays, the notice was effective to extend the lease.

There were also additional grounds on which the trial court found that the lease was extended, but we need not consider

them in view of our finding that the notice was sufficient to do so.

The judgment is affirmed.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.

---

* Whether the lease provided for a renewal or extension we do not decide. See *State ex rel. State Highway Commission v. Demarco*, 445

S.W.2d 379, 385 (Mo.App.1969). For convenience we shall refer to it as an extension.