**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY IN SOUTH PORTLAND, MAINE,**
**Defendant.**

**Civ. A. No. 90–0275.**

United States District Court,
D. Maine.

March 13, 1991.

the successful pursuit of *their* claims.

MEMORANDUM AND ORDER
GRANTING MARSHAL'S
REQUEST TO EVICT

GENE CARTER, Chief Judge.

In November, 1990, Plaintiff brought this forfeiture action under 21 U.S.C. § 881(a)(7), alleging that Judith A. Baker used Defendant real property to commit a violation of the Controlled Substances Act. United States Magistrate Judge David M. Cohen issued a Warrant of Seizure and Arrest in Rem directing the United States Marshal to seize and detain Defendant real property. Judith A. Baker, the record title-holder of Defendant, and her two daughters have filed claims in the forfeiture proceeding. The United States Marshal, as custodian of Defendant real property during the pendency of this action, permitted Judith A. Baker to reside at Defendant property under a Stipulation for Occupancy executed on November 24, 1990. That stipulation provides in part that

> "Occupant" shall be permitted to reside at the residence described above, at the will and pleasure of the United States, until notified that this Stipulation has been cancelled, or until the date of judgment in the U.S. District Court as to said residence in this cause, whichever shall occur first; provided that the said "Occupant" complies with the terms of this Stipulation.

On February 4, 1991, the United States Marshal applied for an Order to Show Cause Why Judith A. Baker Should Not be Restrained from Returning to the Defendant Property. In his accompanying affidavit, the Marshal averred that on January 4 and 10, 1991, following the commencement of this forfeiture proceeding, Judith Baker distributed quantities of marijuana to a confidential informant inside the residence at the Defendant property. The Court issued an Order to Show Cause, and a hearing was held on February 27, 1991. At the hearing Ms. Baker indicated that in exercise of her Fifth Amendment rights,[1] she did not wish to present evidence on the

Jonathan R. Chapman, Asst. U.S. Atty., Portland, Me., for U.S.

Stanley Greenberg, Portland, Me., for Sears, Roebuck.

James R. Bushell, Portland, Me., for Judith A. Baker.

Thomas Powers, Seaborn Associates, Portland, Me., for Robert Tanner.

---

1. Ms. Baker is under indictment in Maine Superior Court for the drug-trafficking incidents alleged in the forfeiture complaint and in the Motion for the Order to Show Cause filed in this Court.

motion but rather desired to present a legal challenge to the proposed eviction.

■ Ms. Baker argues that the Stipulation of Occupancy governing her residence at Defendant property constitutes a leasehold and that under Maine law the Marshal, as landlord, must bring a forcible entry and detainer action in order to evict her. Ms. Baker correctly asserts that the forfeiture statute vests in the United States "all right, title, and interest" in the property forfeited from the time of commission of the act giving rise to the forfeiture. 21 U.S.C. § 881(h); *see also Caplin & Drysdale v. United States*, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989) (discussing 21 U.S.C. § 853, the criminal forfeiture analog to § 881). She incorrectly concludes, however, that the Government's interest and the Stipulation of Occupancy give rise to a tenancy-at-will subject to Maine's landlord-tenant law. Ms. Baker relies for her analysis on Maine law finding creation of a lease when it is the intention of the lessor to dispossess himself of the premises in favor of the lessee and the lessee's intention to enter into possession pursuant to the lessor's consent. *Moshier v. Reding*, 12 Me. 478, 482 (1835).

In a different context the Court of Appeals for the First Circuit has recently discussed the nature of the property rights generated by the federal forfeiture statute, 21 U.S.C. § 881. Noting that the traditional forfeiture theory is based on the idea that forfeitable property is "tainted" because of its connection with the alleged offense, the court stated: "So long as this taint existed, the defendant, who was responsible for its creation, could not retain or acquire any interest in the property. Section 881(a) specifically provides that, where properties are subject to forfeiture, 'no property right shall exist in them.'" *United States v. Land and Building at 2 Burditt St., Everett, Massachusetts*, 924 F.2d 383 (1st Cir.1991). Under Maine law, a person must have some estate in the property in order to be a tenant. *Waterville v. Kelleher*, 127 Me. 32, 35, 141 A. 70 (1928). Since Ms. Baker can acquire no property right in the seized property, she cannot have acquired a leasehold by entering into the Stipulation of Occupancy. The Marshal, therefore, need not treat her as if she were a tenant.

The Stipulation of Occupancy executed by the Marshal and Ms. Baker provides that Ms. Baker may reside at Defendant property at the will and pleasure of the United States. The stipulation "creates no interest in land," since by law it cannot. Rather, it merely grants "a revocable personal privilege to do some act or acts in relation to another's land." *Reed v. A.C. McLoon & Co.*, 311 A.2d 548, 552 and n. 7 (Me.1973). It is, therefore, a license. *Id.* Since a license is revocable by the licensor, the Marshal, as custodian of the Defendant property may revoke it, given appropriate direction by the Court. Supplemental Rules for Certain Admiralty and Maritime Claims, Rule E(4)(d).

■ Citing her substance abuse problem, Ms. Baker argues that equitable considerations should prevent the Marshal from evicting her. The Court has carefully examined the materials submitted by the Government in support of its motion for an order to show cause. The Marshal's affidavit avers that Judith Baker has been convicted twice in Maine courts of serious drug-related offenses, which occurred inside Defendant property. Ms. Baker allegedly persisted in drug trafficking, which conduct is the subject of the pending state court indictment and the predicate for the instant forfeiture action. At the time of execution of the Stipulation of Occupancy, a deputy marshal informed Ms. Baker that the Marshals Service would seek to have her removed from the property if it received any evidence of illegal activity there. The record contains the transcription of a tape recording of a drug transaction between Ms. Baker and a confidential informant for the South Portland police which occurred on January 4, 1991, after the seizure of Defendant property and execution of the Stipulation of Occupancy. Given this factual basis, the Court agrees with the Marshal that there is little likelihood that Judith Baker will refrain from drug-related activities inside the defendant proper-

ty if she is allowed to remain there. The Court does not find the need for solicitude for Ms. Baker's drug abuse problem to outweigh the necessity of preventing future drug transactions in Defendant property.

The Government has also moved to exclude Judith Baker's two adult daughters, Kristina Baker and Katherine Baker Carter, from Defendant property. Both women were also present at the hearing, although they were unrepresented. According to the Marshal's affidavit and other record documents, Kristina Baker lives with her mother at Defendant property, has lived there during at least some of her mother's drug-trafficking activities, and was present during at least part of the transaction on January 4, 1991. An affidavit by Detective Travis Noble of the South Portland Police Department in support of the warrant application relates information from a confidential informant that Kristina Baker delivered drugs for her mother. The Court agrees with the Marshal that Kristina Baker should also be excluded from Defendant property.

Katherine Baker Carter does not live at Defendant property, but the Marshal avers that she goes there frequently. The Marshal also states that in his judgment Katherine Baker Carter is not a suitable substitute custodian for the Defendant property. The record provides a basis for this judgment. Specifically, in the transcript of the January 4, 1991 drug transaction Ms. Baker refers to her daughter Kathy as living with a person who has stolen drugs and money from Baker. The Court concurs in the Marshal's judgment that Katherine Baker Carter should also be excluded from Defendant property.

Accordingly, the Marshal is hereby OR-DERED to evict Judith Baker from Defendant Real Property in South Portland, Maine and to exclude both Katherine Baker Carter and Kristina Baker from said property while it remains in his custody.

SO ORDERED.