## MAXWELL *versus* MAXWELL.

Where lands are held in common, one of the co-tenants may, *by action of trespass,* recover against another, treble damages for strip and waste committed by him, during the pendency of a petition for partition, even though the *defendant* himself be the petitioner.

In such an action, if the whole of an averment might be stricken out, and yet leave sufficient allegations upon which to support an action, such averment need not be proved.

In such a suit, the declaration need not name the other co-tenants. It is in suits against strangers to the common property, that the names are required to be stated, if known.

EXCEPTIONS from the District Court.

Trespass, under the statute, by one tenant in common, of land against his co-tenant, for committing waste.

The declaration charges, *that* the land was owned by these parties, and other persons as tenants in common ; *that*, while a petition for partition of the land was pending, in which this defendant was petitioner, he cut down and destroyed one thousand spruce and maple trees standing on said land, and carried away and converted to his own use, the wood, and the branches thereof, viz. fifty cords of wood and twenty-five loads of branches, of the value, &c., and committed other strip and waste thereon, contrary to R. S. chap. 129, sect. 7 ; whereby the defendant became liable to pay three times the amount of the damage done to said land, which, by the eighth section

of said statute, the plaintiff is entitled to recover, to be appropriated, one-half to himself, and the other half to the other co-tenants, (except the defendant,) in proportion to their respective interests in the land.

It appeared in evidence, for the plaintiff, *that*, at the June term, 1847, the defendant filed in the District Court a petition for partition ; *that* notice was then ordered thereon ; *that*, at . the October term, 1847, commissioners were appointed to make. the partition ; *that* their report was presented at the March term, 1848, when the same was recommitted ; *that*, at the June term, 1848, they made a further report, re-affirming their former one, and *that* said report was accepted.

It further appeared in evidence for the plaintiff that, in December, 1847, certain men, under direction of the defendant, went upon the land, and there cut a quantity of wood, amounting to 24 cords, besides the limbs, and removed a portion of it. Upon this evidence, the Judge, for the purpose of more readily presenting the case to the Supreme Judicial Court, ordered a nonsuit.

*M. M. Butler*, for the plaintiff.

*A. M. True*, for the defendant.

The proof does not sustain the allegation. The action claims to be founded upon R. S. chap. 129, sect. 7, which provides, that if any co-tenant of undivided lands shall, during the pendency of a petition for partition, cut down, destroy, or carry away, &c., or commit *any strip or waste*, he shall forfeit, &c. From the connection of the words, it is apparent that the acts of cutting, carrying away, &c., must be "such acts as would constitute strip and waste. The declaration charges that the defendant cut down and destroyed trees standing and growing, and carried off the wood and branches thereof, and converted the same to his own use, and *other* strip and waste did then and there commit. This implies that the acts described were acts of strip and waste.

The plaintiff then must prove that those acts constituted

strip and waste, or that there was some other act of strip and waste committed.

But the described cutting, destroying and carrying away, cannot appear to the court to be necessarily strip and waste. In this country, such acts are often judicious and useful, and even necessary for clearing up the land and increasing its value.

The petition for partition was filed June 15, 1847. The declaration charges the injurious acts to have been done from the first of that June till March, 1848. They may have been committed then, before the petition was pending.

This action is trespass *quare clausum*. It is inappropriate and unauthorized. One co-tenant cannot break and enter. The legal possession is in him. Each one is in possession for all. R. S. chap. 129, sect. 4; 1 Chitty's Plead. 165, 164 ; *Martyn* v. *Knowllys*, 8 T. R. 145 ; Com. Dig. Estate, K. 8.

The action should be debt for the forfeiture.

The names of the other co-tenants are not mentioned in the declaration. Yet they were known to the plaintiff, because given in the petition for partition, which had been served upon him. That they should have been inserted will appear from comparing the 8th, 17th, and subsequent sections of the statute.

A suit so highly penal ought to allege the acts to have been done wilfully, at least, wrongfully.

The defendant, at the time of the alleged trespass and waste, was a disseizor of his co-tenants, and consequently not liable to any action of waste under the statute, and did not intend nor commit wilfully any acts of waste. *Hubbard* v. *Hubbard*, 15 Maine, 198 ; *Prescott* v. *Nevers*, 4 Mason, 326, 332 ; 2 Black. Com. 194, n. 9 ; Cowp. 217 ; *Brackett* v. *Norcross*, 1 Greenl. 90 ; *Proprietors Kennebec Purchase* v. *Laboree & als.* 2 Greenl. 282.

Wells, J. — This case comes before us by exceptions from the District Court. Upon the evidence introduced by the plaintiff, the Judge of that court ordered a nonsuit.

Maxwell v. Maxwell.

The defendant contends that the nonsuit was properly ordered, because the evidence does not support the declaration. The declaration alleges that the defendant cut down and carried away spruce and maple trees, and the number of them, and the quantity of wood made from them. The proof is, that the defendant procured to be cut twenty-four cords of wood, and removed a portion of it, but there was no proof of the kind of wood, which was cut.

Must the plaintiff fail of recovering unless he can prove the kind of wood cut?

In declarations upon contracts, they must be proved as laid. *Bristow* v. *Wright*, Dougl. 665; *Robbins* v. *Otis*, 1 Pick. 368. But both in cases of contracts and torts, if the whole of an averment may be stricken out, without destroying the plaintiff's right of action, it is not necessary to prove it. 1 Chitty on Plead. 307 and 372; *Gwinnet* v. *Phillips*, 3 T. R. 643; *Peppin* v. *Solomons*, 5 T. R. 496; *Williamson* v. *Altison*, 2 East, 446.

In an action of trover for a note, where an unnecessarily particular description of it is given in the declaration, an entire failure of any proof, as to such needless averments, will not defeat the action. *Ewell* v. *Gillis*, 14 Maine, 72.

By statute, chap. 129, § 7, the defendant is made liable to the plaintiff for cutting down or carrying away any trees, timber, wood or underwood, standing or lying on the lands held in common, while a petition is pending for a partition of the premises. The statute does not require a description of the kind of trees, and that averment might be stricken out of the declaration without impairing the plaintiff's right to recover. So also the allegation of the trees need not be retained, for the plaintiff would be entitled to recover upon the other averment of " fifty cords of wood," &c. The proof therefore does support that part of the declaration, which is necessary to be proved.

The objection as to the form of action cannot prevail. Pending the petition for partition, the acts of the defendant were made by statute an unlawful interference with the soil

and freehold of the plaintiff, and by the ninth section of the same statute such acts are denominated a trespass. If the defendant had a right at common law to cut down and carry away trees or wood from the land held in common, without being a trespasser, that right was suspended by the statute during the pendency of the petition for partition. And the form of action is to be adapted to the nature of the injury, which in this case related to the realty, and was produced by acts illegal and directly injurious. Trespass *quare clausum* appears to be the most appropriate action. *Maddox* v. *Goddard*, 15 Maine, 218. The statute of 1821, § 2 and 3, provided an action of trespass for such injury, which relating to real estate, must be understood to mean *trespass quare clausum*. *Hubbard* v. *Hubbard*, 15 Maine, 198.

It is said that the trespasses are not proved to have been committed during the pendency of the petition, but by the facts exhibited, they were so committed while the petition was pending.

By § 8, of statute c. 129, the damages may be recovered by any one of the co-tenants, without naming any one but the plaintiff, when the action is founded on § 7, against one of the tenants in common. The seventeenth section relates to actions brought by tenants in common, co-parceners or joint-tenants, against strangers to the common property, and does not affect the present action.

The parties have agreed, that if this court shall be of opinion that the nonsuit should be taken off, and that the action can be maintained upon the evidence in the case, that the court may assess the damages and enter final judgment.

The nonsuit is accordingly taken off and judgment is to be rendered for the plaintiff, the defendant to be heard in damages.