## In re CASSANDRA B., et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 16, 1987.

Decided Oct. 9, 1987.

Mark A. Randlett, Peters & Randlett, Lewiston, for appellants.

Henry Meyer, Lewiston, Guardian ad litem.

James E. Tierney, Atty. Gen., Meris J. Bickford, Asst. Atty. Gen., Augusta, for appellee.

Before NICHOLS, ROBERTS, WATHEN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Deborah H., the mother of Cassandra B., Tesa B. and Charissa B., appeals from a judgment of the District Court (Lewiston) terminating her parental rights. 22 M.R.S.A. § 4055 (Supp.1986). On appeal, she challenges the sufficiency of the evidence supporting the order of termination. We affirm the judgment.

On review we are required to determine "whether the factfinder could reasonably have been persuaded that the factual finding was ... proved to be *highly probable.*" *In re John Joseph V.,* 500 A.2d 628, 629 (Me.1985) (quoting *Taylor v. Commissioner of Mental Health,* 481 A.2d 139, 153 (Me.1984)) (emphasis in original).

The District Court had sufficient evidence before it to determine that it was highly probable that Deborah H. was unwilling or unable to protect her children from the jeopardy created by her drug and alcohol dependency. 22 M.R.S.A. § 4055(1-)(B)(2)(b)(i). Even though certain aspects of her conduct could be attributed to a manic depressive condition, her continued abuse of alcohol precluded effective treatment of that mental condition. The record contains evidence that a manic depressive condition cannot be treated successfully until the underlying alcohol problem is resolved. In view of Deborah H.'s record of unsuccessful attempts with detoxification programs, the court was warranted in finding that the prospects for alcohol rehabilitation were remote. The court did not err in concluding that Deborah H.'s condition was unlikely to change within a reasonable time to meet the needs of her children. 22 M.R.S.A. § 4055(1)(B)(2)(b)(i).

The District Court also had sufficient evidence before it to determine that it was highly probable that termination of parental rights is in the best interests of Charissa B.[1] 22 M.R.S.A. § 4055(1)(B)(2)(a). The District Court's findings on the issue of best interest are entitled to substantial deference. *In re Misty Lee H. and Jessica H.,* 529 A.2d 331, 333 (Me.1987). Even if Charissa B. showed fewer signs of neglect than the other two children, the court could consider that the child was removed from her mother's custody at a young age and had spent most of her life in foster care. *See id.* Additionally, the court could consider evidence that on visits with her mother, Charissa B. paid little attention to her mother and refused to give her any physical affection. Finally, the court could consider the preference for placing children in permanent homes. *See* 22 M.R.S.A. § 4003(4) (Supp.1986); 22 M.R.S.A. § 4050(2)–(3) (Supp.1986). The evidence adequately supports the court's conclusion that termination of parental rights is in the best interest of Charissa B.

The entry is: Judgment affirmed.

All concur.

---

1. Deborah H. does not challenge the District Court's conclusion that termination is in the best interest of Cassandra B. and Tesa B.