## In re RYAN L.

Supreme Judicial Court of Maine.

Argued Oct. 5, 1990.

Decided Oct. 30, 1990.

Kenneth P. Altshuler, Gail Latouf–Flewelling (orally), Mazziotti & Altshuler, Portland, for appellant.

Christine Foster (orally), Asst. Atty. Gen., Dept. of Human Services, Portland, for appellee.

Christopher Ziagos, Portland, Guardian Ad Litem.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, J.

The mother [1] of Ryan L. appeals from an order of the District Court (Portland, *Cleaves, J.*) terminating her parental rights pursuant to 22 M.R.S.A. § 4055 (Pamph. 1989). Finding no error, we affirm.

Ryan L. has been in the custody of the Department of Human Services (Department) since January 1988 when his mother, Pamela L., signed an order giving temporary custody of him to the Department. That custody was subsequently made permanent under a child protection order entered by the District Court pursuant to 22 M.R.S.A. §§ 4035, 4036 (Pamph.1989), upon a finding that Ryan L. was in circumstances of jeopardy.

In November 1989, the Department filed a petition for termination of parental rights pursuant to 22 M.R.S.A. §§ 4050–58

---

1. The father of Ryan L., whose parental rights   were also terminated, did not appeal.

(Pamph.1989). After a hearing, the District Court ordered that the mother's parental rights be terminated. The court found by clear and convincing evidence that (a) the mother is unable to protect her son from jeopardy and that the circumstances are unlikely to change within a time reasonably calculated to meet Ryan L.'s needs, 22 M.R.S.A. § 4055(1)(B)(2)(b)(i); (b) the mother is unwilling to take responsibility for the child within a time reasonably calculated to meet his needs, section 4055-(1)(B)(2)(b)(ii); and (c) the mother has failed to make a good faith effort to rehabilitate and reunify with the child pursuant to 22 M.R.S.A. § 4041. Section 4055(1)(B)(2)(b)(iv). The court also found by clear and convincing evidence that termination was in the best interest of Ryan L. 22 M.R.S.A. § 4055(1)(B)(2)(a). The mother's appeal to this court pursuant to 22 M.R.S.A. § 4006 (Pamph.1989) followed.

We review the findings of the District Court to determine whether the court rationally could have been persuaded that the required factual findings were proved to be highly probable. *In re Jeffrey E.*, 557 A.2d 954, 956 (Me.1989). Because the trial court is generally better able to evaluate the testimony of witnesses, its findings are entitled to substantial deference. *In re Misty Lee H.*, 529 A.2d 331, 333 (Me.1987).

The mother disputes the court's finding that she is unable to protect the child from jeopardy. The record reveals that Ryan L. was very developmentally delayed and malnourished when he left his mother's care and was placed in the custody of the Department. He has made substantial improvements since he has been in foster care. The mother has a serious alcohol abuse problem that she has not overcome or even fully acknowledged. In addition, she married and continues to live with a man found to have sexually abused her daughter. She has also been involved in some violent conduct in her domestic life. There is ample support in the record for the court's finding that the mother is unable to protect Ryan L. from jeopardy within a time that is reasonably calculated to meet his needs. *In re Cassandra B.*, 531 A.2d 1274, 1275 (Me.1987). Because we uphold the court's finding of the inability of the mother to protect Ryan L. from jeopardy, an independent ground for terminating parental rights, we need not and do not address the findings of the court concerning the mother's unwillingness to take responsibility for the child, and the mother's failure to make a good faith effort to rehabilitate and reunify with the child. *Jeffrey E.*, 557 A.2d at 957.

The mother also contests the District Court's finding that termination of her parental rights is in the best interest of Ryan L. 22 M.R.S.A. § 4055(2) sets forth some of the factors to be considered when determining whether termination is in the best interest of the child.

> In deciding to terminate, the court shall consider the needs of the child, including the child's age, the child's attachments and separations, the child's ability to integrate into substitute placement or back into the parent's home, and the child's physical and emotional needs.

Ryan L. was twenty months old when he left his mother's custody, and was almost four years old at the time of the termination. He has little memory of his mother. The evidence demonstrates that since being in foster care, he has made dramatic physical and emotional improvements, and has strong ties to his foster parents. Because of the mother's excessive use of alcohol, her visits with Ryan had been limited and eventually were ended.[2] The mother's failure to deal with her substance abuse problem adequately, and her marriage to a man who abused her daughter, support the

---

**2.** The mother cites the Department's discontinuance of her visits with Ryan as evidence that the Department failed in its obligation to reunify the family pursuant to 22 M.R.S.A. § 4041. The mother moved to challenge the Department's decision to end her visits with Ryan, but later withdrew the motion. Even if there were some merit to her contention, however, the failure of the Department to fulfill its statutory obligation to facilitate reunification prior to seeking termination of parental rights is not by itself an independent ground for denial of the petition for termination. *In re Crystal S.*, 483 A.2d 1210, 1212 (Me.1984); *In re Daniel C.*, 480 A.2d 766, 770 (Me.1984).

court's determination that termination of the mother's parental rights is in the best interest of Ryan L. *Cassandra B.*, 531 A.2d at 1275.

The entry is:

Judgment affirmed.

All concur.