**Leslie R. GAMMON**

v.

**Dale R. VERRILL, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 4, 1991.
Decided Dec. 31, 1991.

Theodore H. Kurtz (orally), Kurtz & Myers, South Paris, for plaintiff.

Peggy L. McGehee (orally) and Bruce E. Leddy, Perkins, Thompson, Hinckley & Keddy, Portland, for defendants.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Plaintiff Leslie R. Gammon appeals from a judgment entered in the Superior Court (Oxford County, *Alexander, J.*) after a non-jury trial establishing the boundary between his property and that of the defendants, Dale R. Verrill and Richard A. Tibbetts. Gammon argues that the court's factual determination of the location of the boundary line was clearly erroneous. Because we agree, we vacate the judgment and remand for further proceedings. `

Gammon brought an action against the defendants to settle a dispute as to the east-west boundary between their two parcels of land. The land in dispute is a triangular shaped parcel containing approximately 36 acres. Gammon owns lot 1 range 6, which is directly south of the defendants' property, lot 1 range 7, in the Town of Bethel. The deeds in both parties' chain of title refer to the common boundary only as the range line between range 6 and range 7. Thus the range line is the legal definition of the boundary.

The expert witnesses agree that a 1949 survey marker, located at the southwest corner of defendants' property and the northwest corner of Gammon's property, marks the location of the range line on the western side of the parcels (point Ø). (See diagram attached as Appendix A.) The present controversy concerns the course of the range line east of point Ø as it traverses lot 1. Gammon claims that the range line bears approximately east 10° north from point Ø to the Bethel–Rumford town line. The range line asserted by Gammon has the same bearing as the range line of the adjacent lot and the southern boundary of the Town of Bethel, and is parallel to the range line between range 7 and 8. Defendants claim the range line bears approximately east 10° south from point Ø to a post marked 1909 on the Bethel–Rumford town line. The court agreed with the defendants, finding that the boundary between the defendants' and the plaintiff's property ran from point Ø to the 1909 survey marker. Because the evidence provided neither original surveys nor original monuments the court relied solely on usage in locating the range line. The trial court's location of the range line was clearly erroneous.

■ In boundary disputes, what the boundaries are is a question of law, but where the boundaries are on the face of the earth is a question of fact. *Liebler v. Abbott*, 388 A.2d 520, 521 (Me.1978) (quoting *Rusha v. Little*, 309 A.2d 867, 869 (Me.1973)); *Perkins v. Jacobs*, 124 Me. 347, 349, 129 A. 4, 5 (1925); *Abbott v. Abbott*, 51 Me. 575, 581 (1863). This case does not

involve a dispute as to the legal boundary in a deed; rather, it involves the factual question of where the boundary is located. The trial court's factual finding will not be disturbed on appeal unless it is clearly erroneous. *Liebler*, 388 A.2d at 522.

■ Although the evidence provided no original surveys or monuments, the court could have determined the approximate location of the range line based in part on the Original Plan of the Town of Bethel. The original plan is not drawn to scale, but it lays off the range lines. Several town plans were introduced into evidence, none of them identical, but they all have one feature in common: the range lines are parallel to the southern boundary of the town. The range line, as located by the court, deviates 21° from the bearing of the southern boundary of the town. The court erroneously discounted the usefulness of the original plan so far as that plan established that the range lines are parallel to, and on the same bearing as, the southerly boundary of the town.

The southerly boundary of the Town of Bethel, as established by the Massachusetts General Court in 1796, was east 20° north. *See* 1796 Mass.Acts ch. 3. The declination for Oxford County has increased 8° 15′ west since 1796.[1] Thus the southern boundary of Bethel today bears east 11° 45′ North. Gammon's surveyor testified that the course of the range line is

east 11° north.[2] Correcting the southerly boundary of Bethel for the change in magnetic declination, the bearing of the surveyor's range line is within 1° of the bearing of the town's southerly boundary.

It is clear from this record that the range line must be approximately parallel to the south line of the town. The evidence including the survey locating the range line west of point ∅, aerial photographs and defendant's own exhibit showing the range line between range 7 and 8 all establish that the range lines are parallel. Moreover, both parties' surveyors testified that the range lines in the Town of Bethel are parallel to its southern boundary. Evidence of usage as well as evidence of the marker erected on the east line in 1909 are insufficient, as a matter of law, to overcome the undisputed evidence of the bearing of the range line. Applying that bearing from point ∅, the range line can be located without resort to evidence of usage. This would establish the range line where Gammon asserts it is located.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

1. The parties stipulated that the magnetic declination of Oxford County in 1796 was 9° 02′ west and is currently 17° 17′ west.

2. Gammon's surveyor had previously located the range line west of point ∅ while working on

a survey for a property owner adjacent to Gammon's lot. This range line has the same bearing as the range line claimed by Gammon.