Mary Newcomb DAVIS,

v.

Linda A. MITCHELL.

Supreme Judicial Court of Maine.

Argued June 2, 1993.
Decided July 15, 1993.

**658**

Keith R. Jacques (orally), Anne H. Jordan, Jensen, Baird, Gardner & Henry, Biddeford, for plaintiff.

Thomas A. Welch (orally), Eileen M. King, Verrill & Dana, Kennebunk, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

CLIFFORD, Justice.

Defendant Linda Mitchell appeals from a judgment entered after a nonjury trial in the Superior Court (York County, *Lipez, J.*) establishing a boundary by acquiescence in favor of plaintiff Mary Davis and awarding Davis $3,200 for lost rental income and $1,689 for destruction of ornamental trees. Mitchell contends that the doctrine of boundary by acquiescence is not applicable to the facts of this case and also that it was not properly before the court. She asserts that some of the court's factual findings are clearly erroneous and that the evidence is insufficient to support the court's judgment. Mitchell also argues the court erred by awarding damages for lost rental income. Finding no merit in any of these contentions, we affirm the judgment.

Davis and Mitchell own summer homes on adjacent lots at Goose Rocks Beach in Kennebunkport. The lots are narrow and the homes are only a short distance apart. Davis acquired title to her property from her grandmother who built the home in the early 1920s. Davis, who was born in 1925, spent many summers at her grandmother's home from the time she was a small child. She took title to the property in 1963. Mitchell acquired her home from her mother in 1987. Mitchell's mother bought the property in 1959 from a Mrs. Whittemore whose family had originally sold Davis' grandmother her land. For many years a barberry hedge, planted by Davis' grandmother in the 1920s, separated the two properties. Although the hedge began to die out in the 1950s, remnants of it remained until 1987. Davis has always believed this hedge marked the boundary line between the two properties.

In 1987 Mitchell installed a new septic system. The construction of the new system resulted in a water run-off problem for the Davis land. To remedy this, the Davises hired a landscaping company to install a berm and privet hedge in the vicinity of the old barberry hedge, and informed Mitchell of their plans. When she saw the new hedge, Mitchell believed it encroached on her property, and she hired a surveyor to determine her boundary lines. The surveyor concluded that the boundary line separating the two properties was not located in the vicinity of the privet hedge but was several feet closer to the Davis home. Mitchell then sent a letter to the Davises advising that the hedge must be removed. When the Davises took no immediate action, Mitchell installed a split rail fence along the boundary shown on her survey. The fence was constructed across the top

of the Davises' cellar bulkhead. Mitchell also had the hedge removed. The Davises thereafter hired their own surveyor who located the boundary differently than did the surveyor hired by Mitchell.

Davis brought a four-count complaint in which she asked the court to declare her title by adverse possession to the land bordering the old barberry hedge or, alternatively, to award her a prescriptive easement over Mitchell's property. She further sought damages for lost rental income[1] and for the destruction of the new privet hedge. Prior to the trial, the court (*Fritzsche, J.*) granted Mitchell's motion for a summary judgment on the adverse possession count.

At the three-day trial, each party presented the results of a survey. At the close of plaintiff Davis' case, the court (*Lipez, J.*) inquired whether she was arguing that a boundary by acquiescence had been established. Davis initially responded that acquiescence was part of the theory of prescriptive easement, but later, after the court raised the matter again, Davis replied that boundary by acquiescence was a theory distinct from prescriptive easement. The court found that the survey prepared at Mitchell's request established the boundary according to the deeds but the court concluded that Davis had proved a different boundary by acquiescence. In the alternative, the court awarded a prescriptive easement in the same land. Mitchell was ordered to reimburse Davis for lost rental income and for the cost of installing the privet hedge. Mitchell then appealed to this court.

1. Davis had rented her home during the month of July for a number of years but was unable to do so in 1988 because of the construction of the fence across her bulkhead. The home's utilities are accessible only through this bulkhead.

2. *See infra* part II.

3. M.R.Civ.P. 15(b) provides:

(b) **Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the

## I.

■ Mitchell first contends that the doctrine of boundary by acquiescence is not applicable to this case because the doctrine applies only when a boundary line cannot be located on the face of the earth from the deed descriptions. She argues that because the court was able to locate the boundary based on the deeds, it was inappropriate for the court to ultimately conclude that a different boundary had been established by acquiescence. We do not agree. Recently we reiterated the elements that must be proved by clear and convincing evidence in order to establish a boundary by acquiescence.[2] *Marja Corp. v. Allain*, 622 A.2d 1182, 1184 (Me.1993). Although difficulty in locating a boundary may be the reason for the establishment of a boundary by acquiescence, it is not an essential element. In *Marja Corp.*, we affirmed the finding of a boundary by acquiescence even though the boundary line described in the deeds was known. *Id.* Accordingly Mitchell's contention that the doctrine cannot be applied to this case must fail.

■ Nor is there any merit in Mitchell's argument that the court abused its discretion or erred by introducing and later entering judgment on a theory not advanced in the pleadings and not expressly tried. Mitchell contends that the case was tried on a theory of prescriptive easement and that she was prejudiced by the court's introduction of the boundary by acquiescence doctrine at the close of Davis' case. M.R.Civ.P. 15(b)[3] allows issues not raised

evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining an action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

in the pleadings to be tried by express or *implied* consent of the parties. In this case Mitchell knew from the outset that Davis believed she owned the disputed land.[4] In addition, the theories of prescriptive easement and boundary by acquiescence, though they have very different effects, share common elements of proof.[5] Finally, Mitchell neither requested a continuance in order to gather additional evidence to defend against a new theory nor has she demonstrated any prejudice resulting from the introduction of that theory during the trial. In the circumstances of this case, we discern no abuse of discretion in the court's decision to entertain the theory of boundary by acquiescence. *See Grant v. Warren Bros. Co.*, 405 A.2d 213, 219–21 (Me.1979) (issue of title to real estate tried by consent even though complaint was premised on trespass).

## II.

Next Mitchell takes issue with two of the court's factual findings and asserts there was insufficient evidence to support the court's judgment of a boundary by acquiescence. In *Marja Corp.*, we restated the elements that must be proved by clear and convincing evidence in order to establish a boundary by acquiescence. These are:

1) possession up to a visible line marked clearly by monuments, fences or the like;
2) actual or constructive notice to the adjoining landowner of the possession;
3) conduct by the adjoining landowner from which recognition and acquiescence not induced by fraud or mistake may be fairly inferred;
4) acquiescence for a long period of years such that the policy behind the doctrine of acquiescence is well served by recognizing the boundary.

---

4. The complaint included a count based on adverse possession, although a judgment on that count had been entered against Davis prior to trial.

5. In order to establish the existence of a prescriptive easement, a party must prove " 'continuous use for at least twenty years under a claim of right adverse to the owner, with [the owner's] knowledge and acquiescence, or by a use so open, notorious, visible and uninterrupted that knowledge and acquiescence will be pre-

622 A.2d at 1184; *see also Calthorpe v. Abrahamson*, 441 A.2d 284, 289 (Me.1982).

■ Mitchell first contends that the court clearly erred in finding that she and her mother had notice of the claimed boundary. She argues that at the time her mother bought the property much of the barberry hedge had died, and the remaining bushes did not constitute a visible line. The court acknowledged that portions of the hedge no longer existed, but it found that the parties continued to treat the boundary as being in line with what remained of the hedge. Furthermore, a 1987 letter sent to the Davises by Mitchell's first attorney states: "The other easily identifiable point of reference between your two properties is the barberry/hedge plantings. According to my clients, these plantings are located directly on the boundary line." Although Mitchell later repudiated these statements, she did not do so for two years, and the court treated the letter as an admission by an adverse party. The finding that Mitchell had notice of the claimed boundary was not clearly erroneous.

■ Mitchell also asserts that the court erred in finding that the third criterion ("conduct by the adjoining landowner from which recognition and acquiescence not induced by fraud or mistake may be fairly inferred") had been satisfied. She argues that the parties and their predecessors were mistaken about the location of the boundary line and that acquiescence cannot be founded on a mistake. Mitchell misperceives the meaning of the third criterion. Its focus is on the conduct of the *adjoining landowner* and whether that conduct was induced by mistake. Mitchell principally argues that *Davis* was mistaken about the boundary, but she points to no evidence

---

sumed.' " *Jost v. Resta*, 536 A.2d 1113, 1114 (Me.1988) (quoting *Dartnell v. Bidwell*, 115 Me. 227, 230, 98 A. 743 (1916)). As explained more fully in part II *infra*, a claim of boundary by acquiescence is established by proof of possession to a visible line, notice, conduct of the adjoining landowner not induced by fraud or mistake evidencing a recognition and acquiescence, and acquiescence over a long period of years. *Marja Corp. v. Allain*, 622 A.2d 1182, 1184 (Me.1993).

showing that her own conduct as the adjoining landowner resulted from a mistake. Accordingly, the court's finding that the third criterion had been satisfied was not clearly erroneous.

■ Mitchell also asserts that Davis failed to prove her case by clear and convincing evidence, the standard of proof required in order to establish a boundary by acquiescence. *Marja Corp.*, 622 A.2d at 1184. She reasons that since some of the evidence was conflicting, Davis could not have satisfied this standard of proof. We do not agree. Under the clear and convincing standard, the issue is whether a factfinder could reasonably have been persuaded that the required facts were proved to be highly probable. *In re Ryan L.*, 581 A.2d 811, 812 (Me.1990). The standard does not mean that the factfinder's conclusion must be supported by "high quality evidence." *Taylor v. Commissioner of Mental Health & Mental Retardation*, 481 A.2d 139, 152–54 (Me.1984). The standard can be met even when there is conflicting evidence, because it is for the factfinder to determine the weight and credibility to be assigned to the evidence. *In re Misty Lee H.*, 529 A.2d 331, 333 (Me.1987). Our review of the record reveals there was sufficient evidence for the court to have reasonably been persuaded that the facts establishing a boundary by acquiescence were proved to be highly probable.[6]

■ Finally, we find no error in the court's award of damages for Davis' lost rental income. Davis testified about the planned rental of her home in July 1988 and her cancellation of the rental agreement upon discovering Mitchell's installation of a fence across her cellar bulkhead.

The entry is:

Judgment affirmed.

All concurring.

---

**6.** Because we affirm the court's judgment establishing a boundary by acquiescence, we need not address Mitchell's contention that the court's alternative finding of a prescriptive easement was clearly erroneous.