**Robert A. DUPONT et al.**

v.

**George O. RANDALL and Frances B. Randall.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 27, 1994.

Decided Sept. 26, 1994.

Michael A. Wiers, Burky, Wiers & McCarthy, Hartland, for plaintiffs.

Schuyler G. Steele, Newport, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

RUDMAN, Justice.

George and Frances Randall appeal from the judgment notwithstanding the verdict entered in the Superior Court (Penobscot County, *Smith, J.*) after a jury verdict in their favor.[1] The Randalls contend that there was competent evidence to support the verdict. Because we agree with the Superior Court that as a matter of law the plaintiffs were entitled to a verdict in their favor, we affirm the judgment.

This is a boundary dispute. Dupont and the other plaintiffs (hereinafter "Dupont") are owners of lots in the Rolling Acres subdivision in the town of Etna. The Randalls are an elderly couple whose long-held property abuts the subdivision. The property in dispute is a substantial strip of land running the length of the boundary between the subdivision and the Randalls' land.

Rolling Acres is bounded on the west by the West Etna or "Dyer" Road, on the north by Interstate 95, and on the south by Route 69. The Randalls' land is the subdivision's eastern boundary. That boundary is approximately 2,450 feet in length. Dupont contended that the boundary follows a line established by a surveyor, beginning at a point on Interstate 95 approximately 1,420 feet from a granite monument where the Dyer Road crosses the highway. Randall contended that the line follows a stonewall 1,083 feet from the same point.

The parties agreed at trial to submit a very narrow issue to the jury. The court instructed the jury that the legal description of the common boundary was the line between Township Lot 156 and Township Lot 157 on Herrick's Plan of Etna, and directed the jury to locate the line on the face of the earth choosing either the line shown on the Duponts' surveyor's plan or the rock wall claimed by the Randalls. The jury found the boundary to be Randalls' stonewall. Dupont moved for a judgment notwithstanding the

1. The judgment was entered prior to February 15, 1993, when M.R.Civ.P. 50 was amended. The correct term would now be "judgment as a matter of law."

verdict, and the court granted the motion. Randall appeals.

■ On appeal from a judgment notwithstanding the verdict, now a judgment as a matter of law, the standard of review is:

> whether the jury verdict could be sustained on any reasonable view of the evidence, bearing in mind our duty as an appellate court to look at the evidence, together with all justifiable inferences therefrom, in the light most favorable to the party in whose favor the jury verdict was returned.

*Zamore v. Whitten,* 395 A.2d 435, 439 (Me. 1978). *See also Poirier v. Hayes,* 466 A.2d 1261, 1264 (Me.1983) (recommending j.n.o.v. rather than directed verdict to save trouble of new trial if reversed on appeal). In boundary disputes, what the boundaries are is a question of law, but where boundaries are on the face of the earth is a question of fact. *Gammon v. Verrill,* 600 A.2d 832, 833 (Me.1991). The parties did not dispute the legal boundary; they disputed the location of that boundary and in such a case a factual finding will not be disturbed on appeal unless it is clearly erroneous. *Liebler v. Abbott,* 388 A.2d 520, 521 (Me.1978).

■ Because all of the evidence, including aerial photographs, show the rock wall generally deviates from the bearing of the township lot lines by 15 degrees, that wall cannot, as a matter of law, correctly locate the boundary. *See Gammon v. Verrill,* 600 A.2d 832 (Me.1991).

The jury in this case plainly reached the wrong decision. The trial court properly allowed the jury to reach a verdict, thereby avoiding the need for a second trial had we disagreed with the court's entry of a judgment as a matter of law. Having reviewed the record, however, we agree with the trial court that as a matter of law the wall cannot correctly locate the boundary.

The entry is:

Judgment affirmed.

All concurring.