Leslie R. GAMMON

v.

Dale R. VERRILL et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 8, 1994.

Decided Dec. 20, 1994.

Theodore H. Kurtz, Kurtz & Hanley, South Paris, for plaintiff.

Peggy L. McGehee, Perkins, Thompson, Hinckley & Keddy, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

After separate trials on the issues of title and damages, Dale R. Verrill and Richard A. Tibbitts challenge the decision of the Superior Court (Oxford County, *Alexander, J.*) denying their claim of title to a disputed parcel by adverse possession or acquiescence.[1] By his cross-appeal Gammon challenges the sufficiency of the damages awarded by the jury in the Superior Court (Oxford County, *Crowley, J.*) and the denial of his motion for a new trial. Finding no error, we affirm the judgment.

■ The party claiming title by acquiescence bears the burden of proof by clear and convincing evidence. *Crosby v. Baizley,* 642 A.2d 150, 153 (Me.1994). The claimant by adverse possession must establish the elements "by clear proofs of acts and conduct fit

---

1. This is the second time this controversy has reached this Court. In *Gammon v. Verrill,* 600 A.2d 832 (Me.1991), we vacated the trial court determination that the property belonged to Verrill and Tibbetts by deed and remanded for a determination of their claims based upon adverse possession or acquiescence.

to put a [person] of ordinary prudence, and particularly the true owner, on notice that the estate in question is actually, visibly, and exclusively held by a claimant in antagonistic purpose." *Cates v. Smith*, 636 A.2d 986, 988 (Me.1994) (quoting *Emerson v. Maine Rural Missions Ass'n*, 560 A.2d 1, 2 (Me.1989)). The determination that Verrill and Tibbetts failed to carry their burden of proof may be reversed on appeal only if the evidence compelled a contrary finding. *Cates*, 636 A.2d at 987–88.

 Contrary to their contention, the evidence in this case does not compel the conclusion that Verrill and Tibbetts established every element of their claim of adverse possession. In particular, the evidence does not compel the conclusion that their possession, or that of their predecessors-in-title, was sufficiently notorious or continuous. *See McMullen v. Dowley*, 418 A.2d 1147, 1152 (Me.1980). Additionally, the evidence supports the conclusion that Gammon's conduct was induced by mistake, and that Verrill and Tibbetts, therefore, failed to satisfy one of the required elements to establish a boundary by acquiescence. *See Davis v. Mitchell*, 628 A.2d 657, 660 (Me.1993).

Gammon's motion for a new trial challenged the jury's failure to find the timber cutting "willful" within the meaning of 14 M.R.S.A. § 7552[2]. The scope of our review of a trial court's disposition of a motion for a new trial is very limited. *Binette v. Deane*, 391 A.2d 811, 813 (Me.1978). The verdict must stand unless the record contains no credible evidence to support it. *Id.* Because the evidence does not compel a jury's finding that the cutting was done "willfully," the trial court's denial of Gammon's motion for a new trial was a proper exercise of discretion.

The other issues raised by the parties do not require extensive discussion. Gammon's claim is not barred by laches because neither Verrill and Tibbetts nor their predecessors-in-title were prejudiced by the delay. *See Johnson v. Town of Dedham*, 490 A.2d 1187 (Me.1985). Gammon's mistake as to his boundary precluded a finding of waiver or estoppel. *See Severance v. Choate*, 533 A.2d 1288 (Me.1987); *Anderson v. Commissioner of Dep't of Human Servs.*, 489 A.2d 1094, 1099 (Me.1985). Because Verrill and Tibbetts were not Gammon's "tenants," 14 M.R.S.A. § 7551 is not applicable. *See City of Waterville v. Kelleher*, 127 Me. 32, 35, 141 A. 70 (1928); *Maxwell v. Maxwell*, 31 Me. 184 (1850).

The entry is:

Judgment affirmed.

All concurring.

---

2. 14 M.R.S.A. § 7552 provides in part:

Whoever cuts down, destroys, injures or carries away any ... timber ... from land not that person's own, without license of the owner ... is liable in damages to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages....

14 M.R.S.A. § 7552 (Supp.1993).